**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LINCOLN GENERAL INSURANCE COMPANY,

        Plaintiff,

vs.                                             Case No. 3:10-cv-647-J-32TEM

STANKUNAS CONCRETE, INC.,
D/B/A STANKUNAS CONCRETE PUMPING, INC.,
SUWANNEE ENVIRONMENTAL, CONSTRUCTION, INC.,
PAUL K. EMERY, ROSE MICHELLE EMERY,
WAYMON L. PARDUE, MAJORIE L. PARDUE,
FRANK L. STANKUNAS, SHARON STANKUNAS,
B. GREGORY KIRKLAND AND PAMELA G. KIRKLAND,

        Defendants.

---

## ORDER

This case is before the Court on Defendants, Suwannee Environmental Construction, Inc., Pardues, Emerys and Kirklands' ("Defendants") Amended Motion to Dismiss (Doc. 8), with supporting affidavit. (Doc.9). Plaintiff, Lincoln General Insurance Company, filed a response in opposition. (Doc. 11).[1]

**I.    Background**

Lincoln General filed this suit on July 27, 2010 alleging that Defendants breached their duties under the parties' General Indemnity Agreement ("GIA") and Subcontract Performance and Payment Bonds. (Doc. 1). Defendants filed an Amended Motion to

---

[1] Stankunas Concrete, Inc., Frank Stankunas, and Sharon Stankunus previously filed a Motion to Dismiss, but it has been withdrawn and these Defendants have filed an answer to the Complaint. (Doc. 21). When referring to Stankunas, the Court includes Defendants Stankunas Concrete, Inc., Frank Stankunas, and Sharon Stankunas.

Dismiss on the grounds that the Complaint fails to state a cause of action because the exhibits referenced therein were not attached, and also that the Bonds referenced in the Complaint establish on their face that Defendants have no liability under the Suwannee GIA. (Doc. 8).

This suit arises from Stankunas' and Suwannee's alleged default on two construction projects in which Lincoln General served as surety for Defendants, the "auxiliary project," and the "waterfront project." (Doc. 1). Harry Pepper & Associates contracted with Stankunas for construction work to be performed on these projects for the United States Navy in Kings Bay, Georgia. (Id. ¶¶ 27, 35). On December 3, 2007, Lincoln General executed and delivered a Subcontract Performance and Payment Bond (#26979) to Stankunas for the auxiliary project. (Id. ¶ 36, Ex. C). Lincoln General executed and delivered a Subcontract Performance and Payment Bond (#26980) for the waterfront project on December 6, 2007. (Id. ¶ 28, Ex. B). Lincoln General alleges that Bond numbers 26979 and 26980 were subject to the terms and conditions of the GIA executed on November 29, 2006, in which Defendants indemnified Lincoln General for any losses under the bonds. (Id. ¶¶ 29, 37, Ex. A).

In late 2008 Lincoln General learned that Stankunas had not fulfilled its obligations under the waterfront project and the auxiliary project. (Doc. 1). Pursuant to their obligations under the Subcontract Performance and Payment Bond, Plaintiff paid $250,000 on behalf of Stankunas and/or Suwannee and incurred $157,568 in expenses on the waterfront project, and paid $500,000 and incurred $59,248 in expenses on the auxiliary project. (Id.). Lincoln General seeks indemnification for these payments and expenses. (Id.).

**II.     Standard of Review**

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Keating v. City of Miami, 598 F.3d 753 (11th Cir. 2010). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). Factual allegations must be sufficient as to raise a right to relief beyond that of speculation. Kearney Const. Co., LLC v. Bank of America Corp., 2010 WL 1141578 *2 (M.D. Fla. March 23, 2010) (citing Twombly, 550 U.S. at 555).

The analysis of a 12(b)(6) motion is primarily limited to the four corners of the complaint and attachments thereto. Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1368 (11th Cir. 1997). However, a document referenced in and central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute. Harris v. Ivax Corp., 182 F.3d 799, 802 n. 2 (11th Cir. 1999). Attaching such document to a motion to dismiss will not convert it into a motion for summary judgment. Kearney Const. Co., 2010 WL 1141578 *4.

**III.    Discussion**

    **A.     Failure to State A Cause of Action**

Defendants' Motion to Dismiss argues that the Complaint does not state a cause of action in that it fails to attach any exhibits referenced therein. However, the civil docket

3

reflects that Plaintiff filed copies of the November, 29 2006 GIA (Doc. 1, Ex. A) and Subcontract Performance and Payment Bonds 26980 and 26979 (Doc. 1, Exs. B, C) as referenced in the Complaint.[2]  The Complaint also alleges facts sufficient to state a breach of contract claim.

### B.	The Face of the Complaint

The Defendants argue that dismissal is required pursuant to Fed. R. Civ. P. 12(d) because the affidavit and the contracts attached to their Amended Motion to Dismiss demonstrate that the Defendants have no liability under the Bonds and GIA.  (Doc. 8).  Fed. R. Civ. P. 12(d) states that if matters outside of the pleadings are accepted by the court, the motion must be treated as a motion for summary judgment under Fed. R. Civ. P. 56.

Here, Defendants attached an affidavit and General Indemnity Agreement (Docs. 8, 9, Ex. A) to their Amended Motion to Dismiss which were not referenced in, or attached to the Complaint.  (Doc. 1).  Although these documents may be potentially relevant evidence in the case, the Court cannot consider them in deciding a motion to dismiss.  The exception that allows the Court to consider documents not attached to the complaint does not apply when the Defendant is requesting the Court to utilize documents not referenced in the complaint.  4658 North Ocean Inc. v. Branch Bank and Trust Co., 2010 WL 4960088 *2 (S.D.Fla. 2010).  Additionally, the meaning of these documents is in dispute, rendering the motion to dismiss not well taken.  Finally, Plaintiff's lack of opportunity for discovery means

---

[2] Exhibit C attached to the Complaint and referenced as Performance and Payment Bond #26979 is not a true and correct copy of the agreement as the form is blank.  However, Defendants have attached an executed copy of Bond #26979 to their Amended Motion to Dismiss.

that converting to a summary judgment analysis is inappropriate at this time. Accordingly, it is hereby

**ORDERED**:

1. Defendants, Suwannee Environmental Construction, Inc., Pardues, Emerys and Kirklands' Motion to Dismiss (Doc. 8) is **DENIED**.

2. These Defendants shall file their answers no later than **August 11, 2011**. In all other respects, the parties shall continue to govern themselves in accordance with the January 28, 2011 Case Management and Scheduling Order (Doc 14).

**DONE AND ORDERED** at Jacksonville, Florida this **20th** day of **July, 2011**.

TIMOTHY J. CORRIGAN
United States District Judge

kz

Copies:

counsel of record